■ Sheree Dhorje A. Gurung et al., Respondents, v Arnav Retirement Trust et al., Appellants. (And a Third-Party Action.) [915 NYS2d 97]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 26, 2009, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Ghirme Gurung and Hira Gurung, and dismissing the causes of action pursuant to Labor Law § 241 (6) and § 200 and alleging common-law negligence insofar as asserted by the plaintiff Sheree Dhorje A. Gurung, and granted the plaintiffs' cross motion for summary judgment on the issue of liability on the causes of action pursuant to Labor Law § 240 (1), (2) and § 241 (6).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and alleging common-law negligence, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting the plaintiffs' cross motion for summary judgment on the issue of liability on their causes of action pursuant

to Labor Law § 240 (1), (2) and § 241 (6), and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants, payable by the plaintiffs.

The plaintiffs Sheree Dhorje A. Gurung and Ghirme Gurung (hereinafter together the plaintiffs) were employees of a contractor hired by the defendants to repair the parapet of a roof of a building owned by the defendants. At the defendants' request, the plaintiffs' supervisor directed the plaintiffs to inspect the wall of the adjoining building, also owned by the defendants, which extended several floors above the roof of the first building, to determine if there was water damage behind the surface of the wall. The plaintiffs were standing on a scaffold using a jackhammer to remove bricks from an area of the wall which was bulging and covered in uneven bricks when approximately 30 to 35 bricks came off the wall and struck the scaffold. The scaffold moved away from the wall, and the plaintiffs, who were not wearing safety belts, fell into the gap between the scaffold and the wall to the roof below.

The Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. The defendants established, prima facie, that they had no authority to control the methods or materials of the plaintiffs' work and, in any event, the plaintiffs may not recover for injuries caused by the very condition that they had undertaken to remedy (see *Kowalsky v Conreco Co.*, 264 NY 125, 128 [1934]; *Bedneau v New York Hosp. Med. Ctr. of Queens*, 43 AD3d 845 [2007]; *Skinner v G & T Realty Corp. of N.Y.*, 232 AD2d 627 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact.

With respect to the causes of action pursuant to Labor Law § 240 (1), (2) and § 241 (6), triable issues of fact remain regarding whether the sole proximate cause of the plaintiffs' injuries was their refusal to obey specific instructions to use an actually available safety device (see *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; cf. *Santo v Scro*, 43 AD3d 897, 898-899 [2007]; *Walls v Turner Constr. Co.*, 10 AD3d 261, 262 [2004], affd 4 NY3d 861 [2005]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 240 and 241 causes of action, and should have denied the plaintiffs' cross motion for summary judgment on the issue of liability on those causes of action.

The parties' remaining contentions either are not properly

before this Court, are without merit, or need not be reached in light of our determination. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.