■ SHAIRIN TORRES, Respondent-Appellant, v MERRILL LYNCH PURCHASING et al., Defendants, COLLIERS ABR et al., Appellant, and ABM JANITORIAL et al., Appellants-Respondents. (And a Third-Party Action.) MERRILL LYNCH/WFC/L, INC., Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Plaintiff, v COMMERZBANK AKTIENGESELLSCHAFT, Second Third-Party Defendant-Respondent. [945 NYS2d 78]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 15, 2011, which, inter alia, denied Merrill Lynch/ WFC/L motion for summary judgment on its indemnification

claim against Commerzbank, granted ABM Janitorial's motion for summary judgment dismissing the complaint as against it, denied Colliers' motion for summary judgment dismissing the complaint as against it, denied Colliers' motion to amend its answer to assert a cross claim for indemnification against Commerzbank and for summary judgment thereon, denied ABM Engineering's motion for summary judgment dismissing the complaint as against it and denied ABM Janitorial's and ABM Engineering's motion for summary judgment dismissing Merrill Lynch's and Colliers' cross claims for indemnification against them, unanimously modified, on the law, to deny ABM Janitorial's motion for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs.

Colliers' and ABM Engineering's motions for summary judgment dismissing the complaint as against them were properly denied because they merely pointed to gaps in plaintiff's proof instead of carrying their burdens on their motions (*see Alvarez v 21st Century Renovations Ltd.*, 66 AD3d 524, 525 [2009]).

However, the janitorial contract gave ABM Janitorial exclusive control over cleaning in the area where plaintiff allegedly slipped and fell, which was sufficient to impose upon it a duty of care toward the noncontracting plaintiff (*see Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756-757 [2004]). There were issues of fact as to defendants' notice of the condition on the day of the alleged accident.

The court properly interpreted the lease indemnification provisions in finding that the obligation thereunder did not extend to the common area ladies' bathroom where plaintiff was allegedly injured.

We have considered the parties' other contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.