■ REYNA M. ESPINAL, Plaintiff, v CITY OF NEW YORK et al., Defendants, and TIME WARNER ENTERTAINMENT COMPANY, L.P., Doing Business as TIME WARNER CABLE through its New York City Division, Sued Herein as TIME WARNER CABLE OF NYC, Third-Party Plaintiff-Respondent. HYLAN DATACOM & ELECTRICAL INC., Third-Party Defendant-Appellant. [967 NYS2d 29]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 23, 2012, which, insofar as appealed from as limited by the briefs, granted the motion of third-party plaintiff (Time Warner) for summary judgment on its claim for contractual indemnification against third-party defendant (Hylan) and denied Hylan's cross motion for summary judgment dismissing the contractual indemnification claim, unanimously affirmed, without costs. Order, same court and Justice, entered October 12, 2012, which, to the extent appealable, denied Hylan's motion to, inter alia, renew, unanimously affirmed, and the appeal therefrom otherwise dismissed, without costs.

The subject indemnification clause provides that Hylan "shall indemnify, defend and hold harmless [Time Warner] . . . against and from: claims, demands, damages, costs and expenses (including, without limitation, reasonable attorneys' fees, court and other proceeding costs and all other costs incurred to enforce the indemnity granted in this Section) . . . threatened, brought or instituted, arising out of or in any way connected with the acts or omissions of [Hylan] . . . except to the extent attributable to the negligence of [Time Warner]." Such language is clear and unambiguous, and, pursuant thereto, Hylan is required to indemnify Time Warner for the costs it incurred in defending itself against plaintiff's claims, including reasonable attorneys' fees (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]).

Although Hylan is correct that its work did not cause or contribute to plaintiff's accident, its work was connected to plaintiff's claim against Time Warner. Plaintiff's basis for naming Time Warner as a defendant was the permit that the Department of Transportation issued to Time Warner to perform work at the subject intersection, and it is undisputed that Hylan performed that work.

As to Hylan's motion for renewal and reargument, no appeal lies from the denial of a motion to reargue (*see Mejia-Ortiz v Inoa*, 89 AD3d 514 [1st Dept 2011]), and Hylan's reliance upon recently decided case law as constituting new facts warranting renewal is unavailing (*compare* CPLR 2221 [d] [2] *with* [e] [2]). Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.