■ WILLIAM DePAUL, JR., et al., Respondents-Appellants, v NY BRUSH LLC et al., Appellants-Respondents, and RUTTURA & SONS CONSTRUCTION CO., INC., Respondent/Third-Party Defendant-Respondent. NY BRUSH LLC et al., Third-Party Plaintiffs-Appellants, et al., Third-Party Defendant. [994 NYS2d 59]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 2, 2013, which, insofar as appealed from, denied the part of defendants/third-party plaintiffs Holt Construction Corp., Pepsi Cola Bottling Company of New York, Inc., and NY Brush LLC's (collectively, defendants) motion for summary judgment that sought to dismiss the Labor Law § 200 and common-law negligence claims as against them, granted the part of their motion that sought to dismiss the Labor Law § 241 (6) claim as against them, denied the part of their motion that sought summary judgment on their contractual indemnification claim against defendant/third-party defendant Ruttura & Sons Construction Co., Inc., and granted the part of Ruttura's motion for summary judgment that sought to dismiss the aforemen-

tioned contractual indemnification claim, unanimously modified, on the law, to deny the part of Ruttura's motion that sought to dismiss the contractual indemnification claim against it, and otherwise affirmed, without costs.

Defendants, who do not dispute that plaintiff's injuries arose from a dangerous condition, failed to demonstrate that they did not have constructive notice of that dangerous condition, a wooden plank that plaintiff testified broke underneath him while he was walking across it; thus they are not entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Plaintiffs' photographs of the site, taken immediately after the injured plaintiff fell, show three wooden planks lined up end-to-end but unconnected. The job superintendent and the site safety manager of defendant Holt, the general contractor, admitted that these photos showed planks that were wet and rotten, posing a hazard to any workers walking across them. These Holt employees denied that Holt placed the planks there and testified that they did not see any dangerous condition on the site before the accident. However, they both conducted regular inspections of the whole site, and the site safety manager would have inspected the subject area about an hour before plaintiff fell. Moreover, plaintiff testified that he had seen planks there for three weeks preceding his accident, and the defects observed in the planks would tend to be longstanding. This evidence raises triable issues of fact concerning Holt's constructive notice (see Picaso v 345 E. 73 Owners Corp., 101 AD3d 511 [1st Dept 2012]; Burton v CW Equities, LLC, 97 AD3d 462, 462 [1st Dept 2012]). Defendants Brush and Pepsi also failed to demonstrate that they neither created nor had actual or constructive notice of the dangerous condition that caused plaintiff's injuries, since they do not point to any probative evidence on these questions.

Insofar as the Labor Law § 241 (6) claim is based on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), it should be dismissed. The accident occurred in an open working area, notwithstanding evidence that workers traversed the plank to get from the street to the job site (see Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003]).

Industrial Code (12 NYCRR) § 23-1.11 (a) states: "The lumber used in the construction of equipment or temporary structures required by this Part (rule) shall be sound and shall not contain any defects . . . which may impair the strength of such lumber for the purpose for which it is to be used." While the plank on which DePaul slipped qualifies as dimensional lumber under the regulation, it fails to meet the other specified criteria: it was not

used in the *construction* of equipment or a temporary structure, and no equipment or temporary structure *required* by part 23 has been identified by plaintiffs. A plank fails to meet even the liberal definition of "structure" contained in *Joblon v Solow* (91 NY2d 457, 464 [1998]): "any production or piece of work artificially built up or composed of parts *joined together* in some definite manner" (internal quotation marks omitted and emphasis added). Plaintiffs concede that the lumber was not joined together, and photographs of the location show only loose planks. Simply put, nothing had been constructed from the planks so as to come within the ambit of the regulation. Furthermore, the regulation applies only to a device required to be constructed by another provision of part 23, as evident from subdivisions (b) and (c), which discuss, respectively, "[t]he lumber dimensions specified in this Part (rule)" and the nails required "to provide the required strength at all joints." Thus, as in *Purcell v Metlife Inc.* (108 AD3d 431, 432-433 [1st Dept 2013]), plaintiffs have failed to demonstrate that section 23-1.11 (a) is applicable, and this claim was properly dismissed (*see Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 50 AD3d 866, 867 [2d Dept 2008]).

Neither defendants nor defendant Ruttura is entitled to summary judgment on defendants' contractual indemnification claim against Ruttura. The subcontract between Holt and Ruttura broadly requires the latter to indemnify defendants for, inter alia, any claims arising from or in connection with Ruttura's performance of the work. The subcontract requires Ruttura to keep its work areas free of debris and unsafe conditions. The accident occurred in an area of the exterior parking lot where Ruttura, the concrete subcontractor, had graded the ground and reinforced it with rebar in preparation for pouring concrete. Thus, plaintiff's accident may be connected with Ruttura's performance of its work insofar as Ruttura may have failed to satisfy its contractual obligation to keep this area clear of debris, such as the concededly hazardous planks. However, as indicated, issues of fact exist as to the extent of defendants' liability for plaintiff's injuries (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335 [1st Dept 2008]). Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.

---

The decision and order of this Court entered herein on February 27, 2014 (114 AD3d 609 [2014]) is hereby recalled and vacated (*see* 2014 NY Slip Op 83144[U] [2014] [decided simultaneously herewith]).