Order, Supreme Court, New York County (Kathryn Freed, J.), entered June 30, 2014, which denied the motion of third-party defendant Hallen Construction Co. (Hallen) for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to the extent of dismissing the causes of action for breach of contract for failure to procure insurance and for common-law indemnification, and otherwise affirmed, without costs.
*636 Plaintiff was injured when, while riding his bicycle, his left foot got caught on the lip of a metal plate that protruded above the surface of the road. Defendant third-party plaintiff Con Ed hired Hallen to repair a gas leak at the location and Hallen installed the plate, which was to remain in position until the final restoration was completed, to cover its excavation work. However, before plaintiff’s accident, Con Ed performed backfill work that could not have been completed without moving the plate.
The contract between Con Ed and Hallen contained an indemnification provision requiring Hallen to indemnify Con Ed for personal injury claims “resulting in whole or in part from, or connected with, the performance of [Hallen’s work].” There is an issue of fact as to whether plaintiff’s claims against Con Ed resulted from or were connected to Hallen’s work at the site, requiring denial of that portion of the motion seeking summary judgment on the cause of action for contractual indemnification (see DeSimone v City of New York, 121 AD3d 420, 422 [1st Dept 2014]; Espinal v City of New York, 107 AD3d 411 [1st Dept 2013]).
As conceded at oral argument, Con Ed has failed to produce competent evidence to support its common-law indemnification claim against Hallen. Furthermore, Con Ed did not oppose that portion of the motion seeking dismissal of the breach of contract cause of action. Accordingly, the motion is granted as to those claims.
Concur — Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.