■ ROBERT MCCULLOUGH, Respondent-Appellant, v ONE BRYANT PARK et al., Respondents, and COMPONENT ASSEMBLY SYSTEMS, INC., Appellant-Respondent. [18 NYS3d 373]—

Amended order, Supreme Court, New York County (Carol Edmead, J.), entered March 25, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendants One Bryant Park (Bryant), Durst Development, LLC (Durst), and Tishman Construction Corp. (Tishman) (collectively the Bryant defendants) for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them and the Labor Law § 241 (6) claim as against them to the extent it is based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), denied defendant Component Assembly Systems, Inc.'s (Component) motion for summary judgment dismissing the common-law negligence claim as against it, denied Component's motion for summary judgment dismissing the contractual indemnification cross claim of Bryant, Durst, and Tishman, and granted the Bryant defendants' motion for summary judgment dismissing Component's common-law indemnification and contribution cross claims against them, unanimously modified, on the law, to deny the Bryant defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them, deny the Bryant defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim as against them insofar as it is based on an alleged violation of 12 NYCRR 23-1.7 (e) (1), deny the Bryant defendants' motion for summary judgment dismissing Component's common-law indemnification and contribution cross claims against them, and otherwise affirmed, without costs. Order, same court and Justice, entered July 24, 2014, which, upon renewal of (1)

Component's motion for summary judgment dismissing plaintiff's common-law negligence claim and the contractual indemnification cross claim against it, and (2) the Bryant defendants' motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against them, adhered to its original determination, unanimously affirmed, without costs.

Plaintiff's accident allegedly occurred while he was passing from an exterior roof on a construction site to an interior room, moved his left foot across an approximately one- or two-foot-high threshold in a doorway, and stepped into an uncovered "drain hole" in the floor directly behind the threshold, causing him to fall to the floor.

The motion court erred in granting the Bryant defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim as against them insofar as it is based on an alleged violation of 12 NYCRR 23-1.7 (e) (1), which applies to tripping hazards in "passageways." Contrary to the court's finding, the doorway constitutes a passageway within the meaning of the regulation, and plaintiff raised an issue of fact as to whether the proximate cause of his injury was a tripping hazard within the passageway (*see Thomas v Goldman Sachs Headquarters, LLC*, 109 AD3d 421, 421-422 [1st Dept 2013]).

Nor are the Bryant defendants entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them. It is immaterial that these defendants lacked supervisory control over plaintiff's work, since his injuries arose "from the condition of the workplace . . . , rather than the method used in performing the work" (*Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202 [1st Dept 2005]). Further, these defendants failed to make a prima facie showing that they lacked constructive notice of the uncovered drain hole (*see DePaul v NY Brush LLC*, 120 AD3d 1046, 1047 [1st Dept 2014]; *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 555 [1st Dept 2009]). Defendants cannot meet this burden merely by pointing to gaps in plaintiff's proof (*see Torres v Merrill Lynch Purch.*, 95 AD3d 741, 742 [1st Dept 2012]).

The court correctly denied Component's motion for summary judgment dismissing plaintiff's common-law negligence claim as against it. We reject Component's argument that it owed no duty of care to plaintiff because they lacked contractual privity. There is at least an issue of fact as to whether Component owed a duty of care to plaintiff based on Component's contractual obligation to provide temporary protection for drain holes, and based on plaintiff's alleged detrimental reliance on that

obligation when he walked across the threshold of a door and stepped into the drain hole on the other side (*see Hopper v Regional Scaffolding & Hoisting Co., Inc.*, 21 AD3d 262, 263 [1st Dept 2005], *lv dismissed* 6 NY3d 806 [2006]; *see also Kelly v Glass House Dev., LLC*, 114 AD3d 623, 623-624 [1st Dept 2014]). There is conflicting evidence as to whether Component had ceased to be responsible for temporary protection on the site.

The court correctly denied Component's motion for summary judgment dismissing the contractual indemnification cross claim against it. Component's contract required it to indemnify the other defendants if, among other things, the accident occurred, or allegedly occurred, near where Component was performing its work either "(1) while [Component] [wa]s performing the work . . . , or (2) while any of [Component]'s . . . work in progress . . . [was] in or about such place or the vicinity thereof." There are issues of fact as to whether the accident arose from Component's failure to perform its work of covering the hole on the seventh floor, thereby causing the accident and triggering the indemnification clause (*see Robbins v Goldman Sachs Headquarters, LLC*, 102 AD3d 414, 415 [1st Dept 2013]). Component's argument that it never received a work ticket concerning the uncovered hole is misplaced, since Component's foreman explained that Component itself was responsible for issuing work tickets to Tishman.

Given the issues of fact regarding Component's and the Bryant defendants' negligence, the court erred in granting the Bryant defendants' motion for summary judgment dismissing Component's common-law indemnification and contribution cross claims against them (*see Miano v Battery Place Green LLC*, 117 AD3d 489, 490 [1st Dept 2014]; *see generally Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]).

We have considered the appealing parties' remaining contentions for affirmative relief, including Component's argument, raised for the first time on appeal, that it is entitled to summary judgment on its common-law indemnification and contribution cross claims, and find them unavailing. Concur— Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.