Powers v Plaza Tower, LLC (2019 NY Slip Op 04470)





Powers v Plaza Tower, LLC


2019 NY Slip Op 04470


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9551 159844/16

[*1]William Powers, Plaintiff,
v
Plaza Tower, LLC, Defendant.
Plaza Tower, LLC, Third-Party Plaintiff-Appellant,
v
Global BMU, LLC, Third-Party Defendant-Respondent.


Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for appellant.
Pillinger Miller Tarallo, LLC, Elmsford (Edward J. O'Gorman of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 16, 2019, which, insofar as appealed from as limited by the briefs, denied defendant/third-party plaintiff Plaza Tower, LLC's (Plaza) motion for summary judgment on its third-party claim for contractual indemnification, and granted third-party defendant Global BMU, LLC's (Global) motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Plaintiff sustained injuries while installing a window washing scaffold or rig on the roof of a building owned by Plaza. Plaza retained plaintiff's employer, Global, to perform the work. At the time, plaintiff was walking on a metal catwalk that had been partially dismantled and was no longer in use. As he was walking, a section of the grating on the catwalk collapsed, causing him to fall 18-20 feet to the roof top below.
The court properly denied Plaza summary judgment on its claim for contractual indemnification and granted Global summary judgment dismissing the claim. The contract provision requires Global to indemnify Plaza from claims "arising out of or resulting from the performance of the Work . . . except to the extent caused by the sole negligence of any such Indemnitees." Nothing in the record indicates that Global or plaintiff acted negligently. On the other hand, the record establishes that the accident was due to Plaza's sole negligence.
As the court found, Global did not own the premises or install the catwalk so as to give rise to a duty to maintain it (cf. Urban v No. 5 Times Sq. Dev. LLC, 62 AD3d 553, 554 [1st Dept 2009]). Further, nothing in the record indicated that Global or plaintiff had reason to know that the catwalk was unsafe. Indeed, Global's president and plaintiff's coworker testified that Plaza personnel never instructed them not to use the catwalk, and assumed it was safe for use. Global's president also testified that dismantled catwalks are usually accompanied by warning signs, which Plaza admittedly did not put up.
By contrast, Plaza, as the owner of the premises, had a duty to keep the catwalk safe or to warn Global's workers of the hazards (see Basso v Miller, 40 NY2d 233, 245 [1976]). The fact that it did not supervise or control plaintiff's work is irrelevant in this matter arising from a dangerous premises condition (McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]). Despite its duty to maintain, and notice of the dilapidated condition of, the catwalk, Plaza failed to warn Global's workers of the hazard. Plaza also never informed Global's employees that they were not to use the outlet located on the catwalk and that another outlet was [*2]available for use.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK