Kolakowski v 10839 Assoc. (2020 NY Slip Op 03742)





Kolakowski v 10839 Assoc.


2020 NY Slip Op 03742


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11756 160201/13

[*1] Andrzej Kolakowski, Plaintiff-Respondent-Appellant,
v
10839 Associates, et al., Defendants-Appellants-Respondents.
10839 Associates, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
American Pipe & Tank Lining Co., Inc., et al., Third-Party Defendants-Respondents.


Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for appellants-respondents.
The Perecman Firm, P.L.L.C., New York (David H. Perecman of counsel), for respondent-appellant.
Kennedys CMK LLP, New York (Michael R. Schneider of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered March 26, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint and on its third-party claim for contractual indemnification, denied plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, and granted so much of third-party defendants' separate motion as was for summary judgment dismissing the third-party claim for contractual indemnification, unanimously affirmed, without costs.
Summary judgment in any party's favor on plaintiff's Labor Law § 240(1) claim is precluded by issues of fact as to whether, and to what extent, plaintiff's employer directed him to use a safety harness, and whether plaintiff's failure to abide by any such direction rendered him a recalcitrant worker and, thus, the sole proximate cause of his accident (see Biaca-Neto v. Boston Rd. II Housing Development Fund Corp, 34 NY3d 1166, 1168 [2020]).
Defendants' argument that the Labor Law § 241(6) claim should be dismissed because plaintiff was the sole proximate cause of his accident is improperly raised for the first time on appeal (see Ervin v Consolidated Edison of N.Y., 93 AD3d 485, 485 [1st Dept 2012]). In any event, issues of fact remain as to whether plaintiff was the sole proximate cause of his accident, as discussed above (see Gurung v Arnav Retirement Trust, 79 AD3d 969, 970 [2d Dept 2010]). For this reason, we also decline plaintiff's invitation to search the record and grant him summary judgment on the issue of liability on this claim (see id.).
Defendants also failed to establish their prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, since they "submitted no evidence of the cleaning schedule for the [site of plaintiff's accident] or when the site had last been inspected before the accident" (Pereira v New Sch., 148 AD3d 410, 413 [1st Dept 2017]; see Ladignon v Lower Manhattan Dev. Corp., 128 AD3d 534, 535 [1st Dept 2015]). Rather, they "merely pointed to gaps in plaintiff's proof," which was insufficient to meet their [*2]initial burden (Torres v Merrill Lynch Purch., 95 AD3d 741, 742 [1st Dept 2012]; see McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]).
Finally, the court properly dismissed defendants' third-party contractual indemnification claim. An indemnification "clause in a contract executed after a plaintiff's accident may
. . . be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work was made as of [a pre-accident date], and that the parties intended that it apply as of that date" (Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 362 [1st Dept 2004] [citation and internal quotation marks omitted, alteration and emphasis in original]). Here, third-party defendants' principal did not execute an indemnification agreement with defendants until three days after plaintiff's accident. The principal testified that he could "only guess" that defendants wanted him to backdate the agreement so that it would cover plaintiff's accident, but he did not do so, and there is no other evidence in the record to suggest that the agreement was, in fact, intended to apply retroactively. Accordingly, third-party defendants established their prima facie entitlement to dismissal of the third-party contractual indemnification claim, in opposition to which defendants failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK