One Bryant Park v Permasteelisa Cladding Tech., Ltd (2020 NY Slip Op 07677)





One Bryant Park v Permasteelisa Cladding Tech., Ltd


2020 NY Slip Op 07677


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 450151/18 Appeal No. 12361 Case No. 2019-4944 

[*1]One Bryant Park et al., Plaintiffs-Appellants,
v
Permasteelisa Cladding Technologies, Ltd et al., Defendants-Respondents.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Cullen & Dykman LLP, New York (Adrienne Yaron of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment and dismissed this action seeking contractual indemnification and common-law indemnification and contribution arising from a worksite injury, unanimously modified, on the law, to deny the motion as to plaintiffs' claims for contractual indemnification and common-law contribution, and otherwise affirmed, without costs.
As an initial matter, collateral estoppel does not bar plaintiffs from seeking indemnification and contribution, as the issue of defendants' and their subcontractor's negligence was not "raised, necessarily decided and material" to the underlying personal injury action of the subcontractor's employee against plaintiffs and an unrelated company (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007], quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). As this action was severed from the underlying action before issue was joined, defendants were not parties in the underlying trial, and they proffer no evidence that the jury therein was instructed on apportionment of negligence to nonparties (see Shanley v Callanan Indus., 54 NY2d 52, 56-57 [1981]; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 948 [2d Dept 2016]).
The contractual indemnification claim should not have been dismissed. Defendants agreed to indemnify plaintiffs for damages and litigation costs connected to claims for physical injury, so long as they or their subcontractors were negligent (see Lipari v AT Spring LLC, 92 AD3d 502, 504-505 [1st Dept 2012]). This indemnification includes "the costs . . . incurred in defending [themselves]" against a personal injury claim, and "reasonable attorneys' fees" (Espinal v City of New York, 107 AD3d 411, 412 [1st Dept 2013]). There are issues of fact as to whether defendants' subcontractor, Tower Installations (Tower), had constructive notice of an uncovered drain hole in the floor that caused its employee's injury. Tower may have exercised control over the room into which the employee's coworker was moving materials, where the hole was located, and through which its employees frequently passed to reach an outdoor area where Tower stored materials. "It is immaterial that . . . defendants lacked supervisory control over [the injured employee]'s work, since his injuries arose 'from the condition of the workplace . . . , rather than the method used in performing the work'" (McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015], quoting Griffin v New York City Tr. Auth., 16 AD3d 202, 202 [1st Dept 2005]).
Contrary to defendants' contention, the contractual indemnification provision does not violate public policy, as it precludes plaintiffs' recovery of damages attributable to their own negligence (see General Obligations Law § 5-322.1[1]). Plaintiffs also concede that they cannot recover for the percentage [*2]of damages that the jury, in the trial of the personal injury action, attributed to Tower's employee, since the award was reduced accordingly.
The common-law contribution claim too should not have been dismissed. Given that defendants agreed by contract to ensure the safety of its subcontractors' employees and assign a safety representative to report and remedy dangerous conditions, there is an issue of fact as to whether defendants may have "contributed to [the Tower employee]'s alleged injuries by breaching a duty either to [plaintiffs] or to [the employee]" (Jehle v Adams Hotel Assoc., 264 AD2d 354, 355 [1st Dept 1999]). Deposition testimony in the record shows that either Tower or defendants had a safety supervisor on site, as required.
The common-law indemnification claim was properly dismissed. Plaintiff Durst Development, LLC was not found liable, having been dismissed from the underlying action before the jury reached a verdict. Plaintiffs One Bryant Park and Tishman Construction Corp. cannot show they were "held vicariously liable without proof of any negligence or actual supervision" (Naughton v City of New York, 94 AD3d 1, 10 [2012]). This Court previously found that they did not prove, on summary judgment, lack of
constructive notice of the hole (McCullough, 132 AD3d at 492), and the jury subsequently found them jointly liable under Labor Law § 200.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020