Lacruise v Memorial Sloan-Kettering Cancer Ctr. (2026 NY Slip Op 00424)

Lacruise v Memorial Sloan-Kettering Cancer Ctr.

2026 NY Slip Op 00424

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 150195/19|Appeal No. 5706|Case No. 2025-00463|

[*1]Anthony Lacruise, Plaintiff-Respondent,
vMemorial Sloan-Kettering Cancer Center (David H. Koch Center) et al., Defendants-Appellants. ?

Dopf, P.C., New York (Martin B. Adams of counsel), for appellants.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 8, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Memorial Sloan-Kettering Cancer Center (David H. Koch Center) and Turner Construction Company for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241(6) claims, and granted plaintiff's cross-motion for partial summary judgment on the Labor Law § 200 claim and the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1), unanimously modified, on the law, to grant defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim, and to deny plaintiff's cross-motion for partial summary judgment on the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(e)(1), and otherwise affirmed, without costs.
Plaintiff was working at a construction site at a building owned by defendant Memorial Sloan-Kettering when his foreman instructed him to work at an outdoor roof setback on the 20th floor. While he was walking to the work area, plaintiff tripped and fell when he stepped into an uncovered drainage hole that was located in the roof setback.
Supreme Court should have dismissed the Labor Law § 241(6) claim insofar as it was predicated on Industrial Code § 23-1.7(e)(1), as the accident occurred outdoors and therefore did not take place in a "passageway" within the meaning of the Industrial Code provision (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67-68 [1st Dept 2018] [holding that a "passageway" under § 23-1.7(e)(1) pertains to "an interior or internal way of passage inside a building"]). Plaintiff abandoned the remaining Industrial Code provisions supporting his Labor Law § 241(6) claim by failing to address them in his opposition to defendants' motion.
The court properly denied defendants' motion for summary judgment dismissing the Labor Law § 200 claim, as the accident arose from a dangerous condition on the premises rather than from the means and methods of plaintiff's work, so plaintiff did not have to show that the owner or general contractor actually exercised supervisory control over plaintiff's work (see McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
The court also properly granted plaintiff's cross motion for partial summary judgment on the § 200 claim, as plaintiff offered sufficient evidence that defendants had actual or constructive notice of the uncovered drainage hole. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Although the record does not establish the precise date on which the drainage hole was created, it does demonstrate that it was formed during or prior to the pouring of the concrete slab, which occurred weeks before the accident. The drainage hole remained uncovered after the concrete was poured, cured, and the formwork removed which necessarily reflects the passage of weeks, if not months, during which the condition remained exposed and readily observable. This conclusion is reinforced by evidence that Turner's safety manager was required to walk the entire site on a daily basis to ensure, among other things, that holes and floor openings were properly covered and marked.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026