Stewart v JMDH Real Estate Offs., LLC (2026 NY Slip Op 01418)

Stewart v JMDH Real Estate Offs., LLC

2026 NY Slip Op 01418

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 159073/20 595629/21|Appeal No. 6083|Case No. 2024-07689|

[*1]Max Stewart, Plaintiff-Appellant-Respondent,
vJMDH Real Estate Offices, LLC, et al., Defendants-Respondents-Appellants.
JMDH Real Estate Offices, LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
vCapitol Fire Sprinkler Co., Inc., et al., Third-Party Defendants-Respondents.

The Perecman Firm, P.L.L.C., New York (Adam Hurwitz of counsel), for appellant-respondent.
Maroney O'Connor LLP, New York (Darian A. Bryan of counsel), for respondents-appellants.
Nicoletti Hornig & Sweeney, New York (Joseph Santiago of counsel), for Capitol Fire Sprinkler Co., Inc., respondent.
Pillinger Miller Tarallo, LLP, New York (Anu Bhargava of counsel), for Construction Resources Corp. of New York, respondent.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered on or about November 27, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross-motion for partial summary judgment against defendants/third-party plaintiffs JMDH Real Estate Offices, LLC, Jethro Holdings, LLC and Barr & Barr, Inc. (collectively, JMDH defendants) on his claim pursuant to Labor Law § 241(6), and against Barr & Barr, Inc. on his claims pursuant to Labor Law § 200 and for common-law negligence, and dismissing all of said defendants' affirmative defenses predicated on his alleged comparative fault and culpable conduct, granted the branch of the summary judgment motion by JMDH defendants, Jethro, and Barr for dismissal of plaintiff's Labor Law § 241(6) claim, and denied the branches for dismissal of plaintiff's Labor Law § 200 and common-law negligence claims, and on their third-party claims for contractual indemnification against third-party defendants Capitol Fire Sprinkler Co., Inc. and Construction Resources Corp. of New York (CRC), and granted the separate motions of Capitol Fire and CRC for summary judgment dismissing the third-party complaint by the JMDH defendants, unanimously modified, on the law, without costs, to deny the JMDH defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim, and the claim reinstated, to grant plaintiff's motion for partial summary judgment on such claim, to deny Capitol Fire's motion for summary judgment dismissing the JMDH defendant's contractual indemnification claim, and the claim reinstated, and to grant the JMDH defendants' motion for summary judgment on their contractual indemnification claims against Capitol Fire to the extent of granting them conditional contractual indemnification against Capitol Fire, and otherwise affirmed, without costs.
Plaintiff established a Labor Law § 241(6) violation predicated on 12 NYCRR § 23-1.7(e)(1), which requires owners and general contractors to eliminate obstructions and other hazardous conditions in passageways, which can include a doorway, or the sole means of access to and from a space (see Rossi v 140 W. JV Mgr. LLC, 171 AD3d 668, 668 [1st Dept 2019]; McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]). The integral-to-the-work doctrine does not apply to preclude plaintiff's Labor Law § 241(6) claim in this instance as the raised Masonite board over which he tripped was not inherent to the task at hand, given that the hazard was avoidable with proper inspection and re-taping (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]; Bowden v Summit Glory Prop. LLC, 238 AD3d 629, 630 [1st Dept 2025]).
Plaintiff's argument that he established entitlement to partial summary judgment on his Labor Law § 200 and common law negligence claims is academic and need not be reached in light of plaintiff's entitlement to partial summary judgment on his Labor Law § 241(6) claim (see Bowden, 238 AD3d at 630).
The motion court properly denied the branch of plaintiff's motion seeking dismissal of all affirmative defenses alleging his culpable conduct and comparative negligence because, as the motion court found, plaintiff failed to identify the particular affirmative defenses he was asking the court to dismiss. In any event, triable issues of fact exist as to whether plaintiff was aware of the hazard and whether he attempted to avoid it (see Williams v McAlpine Contr. Co., 235 AD3d 521, 523 [1st Dept 2025]; Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454-455 [1st Dept 2018]).
The JMDH defendants should have been awarded conditional contractual indemnification from Capitol Fire based on the broad indemnification language requiring indemnification for claims "arising out of or in connection with or as a result of or consequence of the performance of the Work of . . . [Capitol Fire]" (see Bordonaro v E.C. Provini Co., Inc., 244 AD3d 472 [1st Dept 2025]; Estevez v SLG 100 Park LLC, 215 AD3d 566, 570 [1st Dept 2023]). The award should have been conditional, however, since the indemnification language further provided that the JMDH defendants would be precluded from indemnification to the extent that their own negligence contributed to the loss (see Bordonaro, 244 AD3d at 475-476; Newman v New York City Hous. Auth., 231 AD3d 443, 444 [1st Dept 2024]).
However, the JMDH defendants were properly denied summary judgment on their contractual indemnification claim against CRC, since they did not establish that plaintiff's accident arose out of the work as required by the indemnification clause. CRC's responsibilities were limited to supplying union workers to the construction manager, to serve as the paymaster to the union workers and to provide worker's compensation insurance for them. Even though one of the union workers served as the superintendent on the project, there was no showing that CRC controlled the work of any of the union workers it supplied to the project. The superintendent was not its special employee, nor was it in any other way engaged in the work (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026