■ JOSEPH BADAGLIACCA et al., Respondents, v LEHRER McGOVERN BOVIS, INC., Appellant. [699 NYS2d 52] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 9, 1999, which, to the extent appealed from, denied defendant Lehrer McGovern Bovis, Inc.'s motion for summary judgment dismissing plaintiff's negligence and Labor Law §§ 200 and 241 (6) claims, unanimously affirmed, without costs.

Defendant's proof in support of that branch of its motion seeking dismissal of plaintiff's Labor Law § 200 and common law causes did not sufficiently support its claim that, by the date of plaintiff's accident, defendant had turned control of the worksite where plaintiff was injured over to another prime contractor. Defendant's own daily work logs for the days prior to and including the day of plaintiff's accident indicate that, as of the day of the accident, defendant may still have had responsibility for coordinating the work of subcontractors at the subject worksite (*see generally*, *Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352-353). These work records indicate, *inter alia*, that one of defendant's sprinkler subcontractors, which utilized steel rods similar to the ones on which plaintiff allegedly fell, was at the worksite both on the day of and on the day preceding plaintiff's injury.

Summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action was also properly denied since the Industrial Code provisions allegedly violated by defendant, respecting the accumulation and removal of debris, were sufficiently specific and concrete in their requirements to support the cause of action (*see*, *Rizzuto v Wenger Contr. Co.*, *supra*, at 350). We have considered defendant's remaining contentions and find them to be unavailing. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.