█ HAYDEN WILLIAMS et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. NEW YORK STATE DORMITORY AUTHORITY, Third-Party Plaintiff-Respondent, v F&R INSTALLERS, Third-Party Defendant-Appellant. [888 NYS2d 36]—

Order, Supreme Court, Bronx County (Stanley Green, J.),

entered December 17, 2008, which, to the extent appealed from as limited by the briefs, granted summary judgment to defendant Dormitory Authority on its third-party claim, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for personal injuries sustained in February 2004 when he slipped and fell on "black ice" while performing construction work for third-party defendant at the Bronx Criminal Courthouse. According to plaintiff, he stepped inside a partially enclosed "bulkhead" to help his foreman install a panel and slipped on the ice. As he was falling to the ground, he cut his arm on an iron angle embedded in the ice. The third-party action seeks contractual indemnification against the subcontractor.

Paragraph 3.7 of the contract between nonparty prime contractor Enclos and the third-party defendant expressly provided for the indemnity of the Dormitory Authority, as owner, and defendant Bovis, as construction manager: "Subcontractor shall indemnify and hold Enclos, Construction Manager, and Owner harmless from any and all fines, liabilities, damages, and/or expenses assessed against or incurred by Enclos, Construction Manager, or Owner as a result of Subcontractor's failure to so comply." Paragraph 9.3 incorporated by reference the terms of the prime contract between the Dormitory Authority and Enclos, and clarified that the third-party defendant agreed to indemnify Enclos with respect to these provisions. The subcontractor's obligation to indemnify was thus expressly stated in these agreements. Paragraph 9.2 expressly provided for partial indemnification by including recognized "savings" language ("To the fullest extent permitted by law"), and thus did not violate General Obligations Law § 5-322.1 (*see Dutton v Pankow Bldrs.*, 296 AD2d 321, 322 [2002], *lv denied* 99 NY2d 511 [2003]).

The dismissal of the Labor Law § 200 and common-law negligence claims against defendants has not been appealed by plaintiff. Accordingly, third-party defendant is not relieved of its contractual obligation to indemnify defendants by section 5-322.1, which prohibits contractual indemnification of a party that was actively negligent, but not of a party that merely had statutory vicarious liability for the negligence of another (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179-180 [1990]; *see also Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.