■ HAYDEN WILLIAMS et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. NEW YORK STATE DORMITORY AUTHORITY, Third-Party Plaintiff-Respondent, v F&R INSTALLERS, Third-Party Defendant-Appellant. [907 NYS2d 1]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 17, 2008, which, to the extent appealed from as limited by the briefs, granted summary judgment to defendant Dormitory Authority on its third-party claim, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for personal injuries sustained in February 2004 when he slipped and fell on "black ice" while performing construction work for third-party defendant at the Bronx Criminal Courthouse. According to plaintiff, he stepped inside a partially enclosed "bulkhead" to help his foreman install a panel and slipped on the ice. As he was falling to the ground, he cut his arm on an iron angle embedded in the ice. The third-party action seeks contractual indemnification against the subcontractor.

Paragraph 3.7 of the contract between nonparty prime contractor Enclos and third-party defendant expressly provided for the indemnity of the Dormitory Authority, as owner, and defendant Bovis, as construction manager: "Subcontractor shall indemnify and hold Enclos, Construction Manager, and Owner harmless from any and all fines, liabilities, damages, and/or expenses assessed against or incurred by Enclos, Construction Manager, or Owner as a result of Subcontractor's failure to so comply." Paragraph 9.3 incorporated by reference the terms of the prime contract between the Dormitory Authority and Enclos, and clarified that third-party defendant agreed to indemnify Enclos with respect to these provisions. The subcontractor's obligation to indemnify was thus expressly stated in these agreements. Paragraph 9.2 expressly provided for partial indemnification by including recognized "savings" language ("To the fullest extent permitted by law"), and thus did not violate General Obligations Law § 5-322.1 (see Dutton v Pankow Bldrs., 296 AD2d 321, 322 [2002], lv denied 99 NY2d 511 [2003]).

Nor has the subcontractor established that there is an issue of fact as to whether the owner and general contractor were actively negligent such that full indemnification is inappropriate. While there is evidence that Bovis had responsibility for snow and debris removal, F&R failed to demonstrate that it had actual or constructive notice of the condition which caused plaintiff's injury. Finally, F&R failed to establish that the Dormitory Authority and Bovis actually exercised any authority they had over plaintiff's work on the morning he was injured (see Singh v Black Diamonds LLC, 24 AD3d 138, 140 [2005]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.

The decision and order of this Court entered herein on November 5, 2009 (67 AD3d 421 [2009]) is hereby recalled and vacated (see 2010 NY Slip Op 73588[U] [2010] [decided herewith]).