■ ENOOS GONZALEZ, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant-Respondent, and T.U.C.S. CLEANING SERVICE, INC., Respondent-Appellant. [925 NYS2d 462]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 14, 2010, which denied defendant T.U.C.S. Cleaning Service, Inc.'s motion and defendant Port Authority of New York and New Jersey's cross motion for summary judgment dismissing the complaint and any cross claims against them, unanimously modified, on the law, to grant T.U.C.S.'s motion, and otherwise affirmed, without costs.

The Port Authority failed to establish that it timely filed its cross motion (see Corchado v City of New York, 64 AD3d 429 [2009]). Counsel's statement in a reply affirmation that it timely served an affirmation in support of the cross motion is unsupported by any claim of personal knowledge. Accordingly, it is without evidentiary value and thus unavailing (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Were we to consider the merits of the cross motion, we would find that the Port Authority failed to establish prima facie that it did not have constructive notice of the ice on the sidewalk on which plaintiff allegedly slipped (see Santiago v New York City Health & Hosps. Corp., 66 AD3d 435, 435 [2009]). A Port Authority employee initially testified that his duties included patrolling the sidewalks at the start of his shift. However, at a subsequent de-

position, he denied having such a duty and could not recall whether he patrolled the sidewalks prior to the accident.

The Port Authority also failed to establish prima facie that it properly inspected and maintained the fire hose cabinets, which allegedly leaked water onto the subject sidewalk (*cf. Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406-1407 [2010]). Indeed, the Port Authority's general maintenance supervisor did not know the frequency of inspections. In addition, its utility systems maintainer (USM) testified that USMs only looked inside the cabinets to check for water when they were not busy. Accordingly, the Port Authority's cross motion would be denied regardless of the sufficiency of plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

T.U.C.S's motion, however, should have been granted. T.U.C.S. established prima facie that it did not create the alleged loose valve condition that caused plaintiff's accident. We need not determine whether or not T.U.C.S. used the fire hose cabinet when it power washed the terminal. T.U.C.S. submitted its cleaning services contract with the Port Authority, which provided that power washing was only performed "during the months of April 1 through November 31." Accordingly, T.U.C.S. established that it did not perform power washing on or about December 15, 2004, the date of plaintiff's accident. Plaintiff's speculation that T.U.C.S. may have performed power washing on the date of the accident in the middle of the winter is insufficient to create a triable issue of fact. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 32550(U).]**