■ DANIEL ROBBINS et al., Plaintiffs, v GOLDMAN SACHS HEADQUARTERS, LLC, et al., Respondents/Third-Party Plaintiffs-Respondents. ZWICKER ELECTRIC Co., INC., Third-Party Defendant-Appellant. [958 NYS2d 96]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered September 15, 2011, which, to the extent appealed from as limited by the briefs, denied third-party defendant Zwicker Electric Co.'s motion for summary judgment, seeking dismissal of the third-party claims of defendants Goldman Sachs Headquarters, LLC and Tishman Construction Corp. for contractual indemnity, common-law indemnity, and contribution, unanimously affirmed, without costs.

In this Labor Law case, questions of fact exist as to whether insufficient lighting was a proximate cause of plaintiff's accident (*see Capuano v Tishman Constr. Corp.*, 98 AD3d 848 [1st Dept 2012]; *Murphy v Columbia Univ.*, 4 AD3d 200 [1st Dept 2004]). Zwicker Electric Co. (Zwicker) installed and maintained the temporary lighting in the area of plaintiff's accident, and

both plaintiff and his foreman testified that it was very dark. While the sheet of metal that had been covering a large opening in the floor bore the words "danger" and "hole," neither worker observed the writing, allegedly because of inadequate lighting, and both were unaware that the metal was covering a hole until they moved it, causing plaintiff to fall into the hole.

The contract between defendants and Zwicker obligates Zwicker to indemnify defendants from claims "arising out of or resulting from the performance of Contractor's Work, or the Contractor's operations" or, inter alia, for claims caused by Zwicker's "willful or negligent act[s] or failures to act." The lighting provided by Zwicker was clearly a tool supplied for the other contractors to perform their work, and thus the accident arose out of Zwicker's work (see *Balbuena v New York Stock Exch., Inc.*, 49 AD3d 374 [1st Dept 2008], *lv denied* 14 NY3d 709 [2010]). Moreover, the questions of fact concerning Zwicker's negligence would also trigger the indemnity provision. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ. [**Prior Case History: 33 Misc 3d 1216(A), 2011 NY Slip Op 51948(U).**]