*415 Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 5, 2012, which, insofar as appealed from as limited by the briefs, denied defendants’ motions for summary judgment dismissing plaintiffs Labor Law § 200 and common-law negligence claims, and denied defendant Liro Engineering and Construction Management and defendant Liro Program and Construction Management PE, EC.’s (collectively, Liro) motion for summary judgment on its contractual indemnification and defense claim against defendant Navillus Tile, Inc. (Navillus), unanimously affirmed, without costs. Plaintiffs’ appeal from the same order, unanimously dismissed, without costs, as plaintiffs are not aggrieved parties.
The court properly denied all defendants’ motions for summary judgment dismissing plaintiff’s Labor Law § 200 and common-law negligence claims against them. There are issues of fact about whether Navillus created a puddle of water on the floor, on which plaintiff allegedly slipped and fell, in a corridor in which defendants were performing renovation, by suspending a leaking hose above the floor. In light of the sharply conflicting testimony pertinent to this and other issues, summary judgment is unwarranted. There are also issues of fact about whether Navillus, URS, or Liro had constructive notice of the wet condition, since the testimony of plaintiff and two other witnesses indicated that the hose was slowly dripping water onto the floor near where plaintiff fell, and that the floor of the wide corridor was covered in water about half an inch deep (see Edwards v BP/CG Ctr. I, Inc., 102 AD3d 413 [1st Dept 2013]; Gonzalez v Port Auth. of N.Y. & N.J., 85 AD3d 550 [1st Dept 2011]). Further, there are issues of fact as to whether Unisys Electric Inc., as the electrical contractor responsible for providing temporary lighting in the building, had constructive notice of the inadequate temporary lights in the corridor at the time of the accident (see Schirmer v Athena-Liberty Lofts, LP, 48 AD3d 223 [1st Dept 2008]).
Defendants argue that they cannot be held liable for constructive notice, since control and responsibility over the corridor had been turned over to the building owner prior to the accident. We disagree. Plaintiff’s testimony that the floor was made of cement indicates otherwise, since a Navillus employee testified that vinyl tiles would be installed on the floor before the area was turned over to the owner. Moreover, in light of the issues of fact about whether Navillus was using the hose for its renovation in the front lobby of the building, it cannot be concluded as a matter of law that Navillus, URS, and Liro had no responsibility over the corridor if the hose was creating a *416 hazardous condition therein (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [1st Dept 2009]; Badagliacca v Lehrer McGovern Bovis, 267 AD2d 16 [1st Dept 1999]).
The court also properly denied Liro’s motion for summary judgment on its cross claim seeking indemnification and defense from Navillus, pursuant to a contractual provision providing for such indemnification and defense for damages “arising out of or occurring in connection with” Navillus’s performance of the work or failure to perform the work, in light of the aforementioned issues of fact about whether any acts or omissions by Navillus contributed to the accident (see Sosa v 46th St. Dev. LLC, 101 AD3d 490, 492 [1st Dept 2012]). Concur — Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.