Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 10, 2013, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Five Star Electric Corp. (Five Star) for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Triable issues of fact exist as to whether Five Star, the electrical subcontractor responsible for providing temporary lighting in the building under construction, had constructive notice of *490 the allegedly inadequate temporary lights in the stairwell at the time of plaintiffs accident (see Beltran v Navillus Tile, Inc., 108 AD3d 414, 415 [1st Dept 2013]), and whether inadequate lighting was a proximate cause of the accident (see Robbins v Goldman Sachs Headquarters, LLC, 102 AD3d 414 [1st Dept 2013]; Schirmer v Athena-Liberty Lofts, LP, 48 AD3d 223 [1st Dept 2008]).
The indemnification provision of the contract between defendant Turner Construction Company, the construction project’s general contractor, and Five Star is not void under General Obligations Law § 5-322.1. The provision provided for partial indemnification by including “savings” language (see Williams v City of New York, 74 AD3d 479, 480 [1st Dept 2010]).
In light of the triable issues of fact as to Five Star’s negligence, its motion for summary judgment, seeking dismissal of the third-party claims for contractual indemnity, common-law indemnity and contribution, was properly denied (see Robbins, 102 AD3d at 414).
We have considered Five Star’s remaining contentions and find them unavailing.
Concur—Saxe, J.E, Moskowitz, Freedman, Gische and Kapnick, JJ.