Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc. (2019 NY Slip Op 01838)





Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc.


2019 NY Slip Op 01838


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8385 305322/14

[*1]Ewart A. Haynes, Plaintiff-Respondent,
v
Boricua Village Housing Development Fund Company, Inc., et al., Defendants-Appellants.
Boricua Village Housing Development Fund Company, Inc., et al., Third-Party Plaintiffs-Appellants.
v
United Commercial Development, LLC, et al., Third-Party Defendants-Respondents.


Carol R. Finocchio, New York, for appellants.
The Perecman Firm, P.L.L.C., New York (David H. Perecman of counsel), for Ewart A. Haynes, respondent.
Linda A. Stark, New York, for United Commercial Development, LLC, respondent.
Law Office of Kevin P. Westerman, Garden City (Jonathan R. Walsh of counsel), for Evergreen Electrical Corp., respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 20, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 241(6) claim as against defendants Boricua Village Housing Development Fund Company, Inc., Boricua Village F, LLC, and Knickerbocker Construction II, LLC (Knickerbocker) (collectively, defendants), denied Knickerbocker's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against it, denied Knickerbocker's motion for summary judgment on its contractual indemnification claims against third-party defendants United Commercial Development, LLC (United) and Evergreen Electrical Corp. (Evergreen), and denied defendants' motion for summary judgment on their common-law indemnification claim against Evergreen, unanimously affirmed, without costs.
Supreme Court was correct in granting plaintiff partial summary judgment on the Labor Law § 241(6) claim. Plaintiff's deposition testimony and an affidavit by his supervisor, Maldonado, who did not witness the accident but arrived at the scene shortly thereafter, indicated that plaintiff was performing his assigned tasks of installing pins in a drop ceiling using a Hilti gun when he received an electrical shock, and that exposed, uncapped electrical wiring was seen hanging from the ceiling in the vicinity of where plaintiff was working. His co-worker, Eagan, further averred that after plaintiff's accident he observed electricians, who were working in the building, arriving at the accident site and capping the exposed wires. The owner of plaintiff's employer, Calhoun, however, testified that when he arrived at the accident site, he saw no exposed wiring or any other signs of anything unusual. This apparent discrepancy does not raise a factual issue because the employer also testified that he came onto the scene 20 to 30 minutes [*2]after the accident. As such, defendants have failed to raise an issue of fact as to whether they violated Industrial Code 12 NYCRR §§ 23-1.13(b)(3) and (4), and that such violation proximately caused plaintiff's injuries (see Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604 [1st Dept 2017]).
The court properly denied Knickerbocker's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it. Issues of fact exist as to whether Knickerbocker had actual or constructive notice of a defective condition on the premises that proximately caused plaintiff's injuries (see McCullough v One Bryant Park, 132 AD3d 491, 492 [1st Dept 2015]; Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009]). In contrast, it is noted that no issues of fact exist as to whether Knickerbocker is liable for negligence based on the means and methods of the work. Plaintiff followed instructions given to him solely by his employer and used only equipment provided by his employer or himself. Knickerbocker's general responsibility for ensuring site safety does not rise to the level of supervisory control required to hold a contractor liable for an accident caused by the means and methods of the work (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
In light of the issues of fact as to negligence in this case, the court properly denied Knickerbocker's motion for summary judgment on its contractual indemnification claims against United and Evergreen, United's motion for summary judgment dismissing defendants' contractual indemnification claims against it, and defendants' motion for summary judgment on their common-law indemnification claims against Evergreen (see Correia v Professional Data Mgt., 259 AD2d 60, 64 [1st Dept 1999]; see also Miano v Battery Place Green LLC, 117 AD3d 489, 490 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK