Pereira v KSK Constr. Group (2023 NY Slip Op 06496)

Pereira v KSK Constr. Group

2023 NY Slip Op 06496

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 155495/19, 595783/19, 595273/21 Appeal No. 1256-1257 Case No. 2023-00828, 2023-00829 

[*1]David Pereira, Plaintiff- Respondent,
v
KSK Construction Group et al., Defendants-Respondents, Agime Group LLC Doing Business as 570 Broome Street-Agime Group, Defendant.
KSK Construction Group, Third-Party Plaintiff-Respondent,
v
Copper Services LLC, Third-Party Defendant-Respondent, United Crane and Rigging Services, Inc., Third-Party Defendant-Appellant.
Soho Broome Condos, LLC, Second Third-Party Plaintiff-Respondent,
v
Copper Services LLC, Second Third-Party Defendant-Respondent, United Crane and Rigging Services, Inc., Second Third-Party Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (John V. Fabiani of counsel), for KSK Construction Group, respondent.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Lauren Solari of counsel), for Soho Broome Condos, LLC, respondent.

Order and amended order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about January 6, 2023 and February 3, 2023, respectively, which, to the extent appealed from as limited by the briefs, granted defendants KSK Construction Group LLP (KSK) and Soho Broome Condos, LLC's (Soho Broome) respective motions for summary judgment on their third-party claims for indemnification against United Crane and Rigging Services, Inc. (United Crane), unanimously affirmed, without costs.
The motion court correctly found that the clear and unambiguous terms of indemnification and insurance rider between KSK, the general contractor, and United Crane, the rigging subcontractor of HVAC contractor Copper Services, LLC, provide for United Crane to indemnify KSK and the project owner, Soho Broome (see Margolin v New York Life Ins. Co., 32 NY2d 149, 153 [1973]; Espinal v City of New York, 107 AD3d 411, 412 [1st Dept 2013]). United Crane's attempt to rewrite the provision with parol evidence as being intended to trigger insurance coverage under United Crane's policy for a third party is unavailing (see Kay-Bee Toys Corp. v Winston Sports Corp., 214 AD2d 457, 458 [1st Dept 1995], lv denied 86 NY2d 705 [1995]). Similarly unavailing is its position that Soho Broome is not an indemnitee because it is not specifically named; the provision runs in favor of "owner," which is undisputedly Soho Broome (see generally Williams v City of New York, 74 AD3d 479, 480 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023